IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Jarrett Javonte Jones,** | ) | Case No. 2:17-cv-2867-PMD-MGB |
|                **Petitioner,** | ) | |
| **v.** | ) | **REPORT AND RECOMMENDATION** |
| **Sheriff Al Cannon,** | ) | |
|                **Respondent.** | ) | |

Jarrett Javonte Jones ("Petitioner") has filed a habeas petition pursuant to 28 U.S.C. § 2254 and/or § 2241. (DE# 1). He filed an "Amended Petition" on November 1, 2017. (DE# 7). Petitioner is proceeding *pro se* and *in forma pauperis*. Petitioner is a pretrial detainee at the Sheriff Al Cannon Detention Center located in North Charleston, South Carolina. Pursuant to 28 U.S.C. §636(b)(1) and Local Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to submit findings and recommendations to the United States District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the Amended Petition (DE# 7) should be **summarily dismissed** without prejudice for the following reasons:

**I. Relevant Law**

    **A. Liberal Construction of *Pro se* Pleadings**

*Pro se* pleadings are liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed. *Weller v. Dept. of Soc. Servs., City of Baltimore.*, 901 F.2d

387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that a court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

B. <u>**Standard of Review for Section 2254**</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a habeas petition if it is plainly apparent from the record that the petitioner is not entitled to any relief. See also Rule 1(b) (applying the rules pertaining to § 2254 proceedings to habeas petitions brought pursuant to § 2241).

**II. <u>Background and Allegations</u>**

State records indicate that Petitioner was arrested on May 18, 19, and 26, 2017. The state criminal charges presently pending against him include: 1) 0139-Robbery / Armed Robbery, robbery while armed or allegedly armed with a deadly weapon; 2) 0549-Weapons / Poss. weapon during violent crime, if not also sentenced to life without parole or death; 3) 3009-Drugs / Possession of less than one gram of meth. or cocaine base, 1st offense; 4) 3467-Vehicle / Poss., conceal, sell., or dispose of stolen vehicle, value more than $2,000 but less than $10,000; 5)

0731-FinanTC / Financial Transaction Card fraud value $500 or less in six month period; 6) 0065-Traffic / Failure to stop for a blue light, no injury or death - 1st offense. He was indicted on September 25, 2017. See Indictment Nos. 2017GS1005341, 2017GS1005342, 2017GS1005343, 2017GS1005344, 2017GS1005345, 2017GS1005346.[1] See Charleston County Court of Common Pleas, General Sessions, Case Nos. 2017A1010202928, 2017A1010202929, 2016A1010205518, 2017A1010202921, 2017A1010202922, 2017A1020100261.[2]

On October 10, 2017, Petitioner filed a two-page hand-written document, labeled as a "Writ of Habeas Corpus" and citing 28 U.S.C. §§ 2254, 2241. (DE# 1). Petitioner demands "bond reduction, P.R. bond." (*Id.* at 1). Petitioner stated no facts or grounds for relief of any kind. He cited several cases, but provided no explanation or reasoning.[3] By Proper Form Order of October 25, 2017, the Court requested the Clerk of Court to provide Petitioner with a preprinted habeas form. (DE# 3). The Court specifically directed the Petitioner to "complete and sign the pre-printed form" and submit it for filing. (*Id.*). The form contains questions and includes space for "Grounds For Habeas Relief" and supporting facts. Petitioner incompletely filled out the form, labeled it as an "Amended Petition," and filed it on November 1, 2017. (DE# 7). Petitioner also filed a motion to proceed *in forma pauperis* that same day. ("IFP"). (DE# 6).

In his "Amended Petition," the Petitioner does not state any grounds for habeas relief or provide any supporting facts. He cites several cases, but again, provides no explanation or reasoning for citing these cases. Petitioner merely indicates "see original writ of habeas corpus

---

[1] See Charleston County Public Index.http://jcmsweb.charlestoncounty.org/Publicindex/CaseDetails.

[2] This Court may take judicial notice of information on government web sites. *See Tisdale v. South Carolina Highway Patrol*, Cl A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, * 1 n. 1 (D.S.C. May 27, 2009), *affirmed,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4185869, *2 (E.D.La. Sept. 8, 2008) (observing that courts may take judicial notice of government websites, including other courts' records).

[3] Petitioner listed *Miller v. State*, 388 S.C. 347 (2010); *Jones v. State*, 348 S.C. 13 (2002); *State v. Stuckey*, 333 S.C. 56 (1998); and *Foster v. State*, 298 S.C. 306 (1989), with no facts or explanation.

and also see preliminary hearing transcript/records." (DE# 7 at 8-9).[4] Petitioner states he wants "dismissal of all charges" (*Id.*). Review of the Amended Petition reflects that the Petitioner has filed a **duplicate** of a petition filed by another pretrial detainee at the Sheriff Al Cannon Detention Center. *See Miller v. Cannon*, D.S.C. Case No. 2:17-cv-2752-TMC-MGB.

## III. Discussion

### A. Petitioner's Challenge to his Pretrial Detention

Although Petitioner has labeled his petition as one brought under 28 U.S.C. §§ 2254, 2241, these two statutes are not interchangeable. These statutes are separate and have distinct purposes. Where a prisoner is incarcerated on a state conviction, a petition pursuant to 28 U.S.C. § 2254 is typically brought as a post-conviction challenge to the validity of the state conviction or sentence. *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (explaining that § 2254 "mandates that district courts entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). On the other hand, a petition pursuant to 28 U.S.C. § 2241 is generally brought as a post-conviction challenge to the execution of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action. *Clemmons v. South Carolina*, Case No. 0:08–cv–607–RBH-BM, 2008 WL 2845636, *1 (D.S.C. July 18, 2008). None of these situations are relevant here. Petitioner has not been convicted of the pending state charges, nor is he challenging the execution of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action.

However, there is caselaw holding that pretrial detainees may bring a habeas petition pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against

---

[4] In his "Amended Petition" (DE# 7 at 8-9), Petitioner also lists *Miranda v. Arizona* (with no citation); *State v. Cole*, 403 S.C. 171 (1991); and *Brady v. Maryland*, 373 U.S. 83 (1963).

him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 517 U.S. 1123 (1996) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)). "The general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment - for example, a defendant in pre-trial detention... [i]n these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims." *Hao Qing Zhan v. Wilson*, Case No. 8:12-cv-3052-RBH-JDA, 2013 WL 4500055 (D.S.C. Aug. 19, 2013). See 28 U.S.C. § 2241(c)(3) (providing that a writ of habeas corpus may be granted to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States").

Regardless of how characterized, this Petition is subject to summary dismissal.

### B. Petitioner May Not Interfere with State Prosecution

Petitioner is awaiting trial on state charges and seeks to interfere with his pending state prosecution. He seeks release from pretrial detention on unspecified grounds. Generally, a detainee's "attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226. In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the United States Supreme Court emphasized that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996), *cert. denied*, 517 U.S. 1220 (1996).

The United States Supreme Court has repeatedly recognized the "fundamental policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 44 (holding that petitioner was not entitled to "relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good

faith"); *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with such ongoing state proceedings); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief"). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. The United States Supreme Court has emphasized that *Younger* and "its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm.*, 457 U.S. at 431. Petitioner has not alleged any grounds for habeas relief, much less any "extraordinary circumstances" that might overcome abstention.

Under *Younger*, abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432). This case meets all three criteria. At the time of filing, state charges were pending against Petitioner, so the first criteria (i.e. an ongoing state prosecution) is satisfied. The United States Supreme Court has addressed the second criteria, explaining that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). As for the third criteria, courts have repeatedly held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner cites several cases, but

does not indicate how they allegedly pertain to his own case. He has simply copied a petition verbatim from another case. Petitioner has alleged no proper basis for this federal court to interfere in a pending state prosecution. This case meets all of the criteria for abstention under *Younger*. *See Dickerson*, 816 F.2d at 224-26; *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973); *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (where an alleged threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no exceptional circumstance is shown).

Petitioner may raise any claims regarding excessive bond or any alleged violation of *Brady* and *Miranda*, in state court as part of his criminal defense. In the event that Petitioner is convicted in state court, the usual route of direct appeal in the state appellate courts will be available to him. *See Stack v. Boyle*, 72 S.Ct. 1, 6 (1951) (holding that federal district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted."); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010), *cert. denied*, 563 U.S. 1029 (2011). The proper procedure is for Petitioner to pursue the normal avenues of appellate and post-conviction review in the state courts. Petitioner has not shown any "extraordinary circumstances." He may not interfere with his state prosecution by means of this federal habeas petition.

The United States Supreme Court has observed that "[t]his Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power." *Francis v. Henderson*, 425 U.S. 536, 539 (1976); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (same); *Boumediene v. Bush*, 553 U.S. 723 (2008) (noting "prudential barriers to habeas corpus review" even where "there is no jurisdictional bar"). Petitioner may not misuse the writ of habeas corpus in an attempt to interfere with a pending state prosecution. Abstention is appropriate here.

Petitioner's claims are unexhausted and premature. *See, e.g., Moultrie v. Reynolds*, Case No. 9:15–cv–198-DCN-BM, 2015 WL 5474471, *3 (D.S.C. Sept. 16, 2015) ("Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the state of South Carolina.") (citing *Picard v. Connor*, 404 U.S. 270 (1971)); *Corder v. Warden Charleston Cty. Corr'l Center,* Case No. 2: 15-4873-RMG-MGB, 2016 WL 1171513, *1-2 (D.S.C. March 23, 2016) (dismissing petition brought by pretrial detainee as premature and barred by *Younger v. Harris)*.

The United States Supreme Court has pointed out that federal district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack*, 72 S.Ct. at 6; *and see Jackson v. Boone*, Case No. 2:16-cv-2099-MBS-MGB, 2016 WL 4579972 (D.S.C. June 30, 2016), *adopted by*, 2016 WL 4541676 (D.S.C. Aug. 31, 2016) (dismissing premature habeas petition brought by pretrial detainee), *aff'd by*, 2017 WL 922128 (4th Cir. March 8, 2017) (per curiam); *Tyler v. Chavis,* Case No. 9:17-00501-MGL-BM, 2017 WL 1424026, *2 (D.S.C. April 10, 2017) (dismissing premature habeas petition brought by pretrial detainee), *adopted by*, 2017 WL 1406559 (D.S.C. Apr. 20, 2017).

## IV. Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that the Amended Petition (DE#7) should be **dismissed** without prejudice, and without requiring Respondent to file a return.

**IT IS SO RECOMMENDED.**

November 7, 2017  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the **Important Notice** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).